**UNITED STATES of America**

v.

**Harry Gardner BREWER, Appellant.**

**No. 15468.**

United States Court of Appeals
Third Circuit.

Argued April 12, 1966.

Decided May 10, 1966.

Ralph J. Kmiec, Camden, N. J. (Angelo D. Malandra, Camden, N. J., on the brief), for appellant.

Mark E. Litowitz, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Wilbur H. Mathesius, Asst. U. S. Atty, Newark, N. J., on the brief), for appellee.

Before McLAUGHLIN, GANEY and FREEDMAN, Circuit Judges.

PER CURIAM.

■ Appellant and his co-defendant were convicted of armed bank robbery. He contends that the trial judge erred in denying his motion for a new trial on the grounds of newly discovered evidence. The alleged newly discovered evidence was the statement of the co-defendant (who did not appeal) that he alone committed the robbery and that appellant was not involved. Foy, the co-defendant, at the trial had never implicated appellant Brewer in the robbery; had stated that Brewer was not with him at all on the day of the robbery. In his affidavit for use on the new trial motion, Foy said that he committed the robbery by himself. At the trial, inter alia, Lanning, a disinterested eye witness, positively identified Brewer as one of the two men in the identified getaway automobile. Appellant at the trial, for the first time, claimed that he had been visiting his mother at a hospital during the period of the robbery. There was also the fact that Brewer had $500 the day after the robbery which he claimed his wife had given him. There was testimony that the wife said "I am going to say I gave him the money." The trial judge "On the entire record" found that " * * * this Court feels it is not reasonably satisfied of the truthfulness of such statement and feels, therefore, duty bound to deny the motion for a new trial." We hold the decision of the trial court to have been thoroughly sound and proper.

■ Appellant also urges that "The Court below erred in refusing to hear testimony on the motion for a new trial." There was no application to present testimony on the motion. After a long argument on the motion and after the judge had made his decision above quoted, the only mention of testimony was when the attorney asked "Does the Court wish to hear testimony in regard—-The Court "I

can't hear" Attorney "Does the Court wish to take testimony in regard to any of the other issues besides the veracity of the statement?" The Court "I have ruled on your motion. I have no further wish in this matter whatsoever. I deny your motion." Plainly, there was no use or need of oral testimony on this motion.

█ The final point argued on behalf of appellant is that "The Court below erred in not advising defendant, Brewer, of the potential risks in being represented by the same attorney who represented his co-defendant." The attorney for the defendants was privately retained. Irrespective of this, from the record before us we find no merit in this contention.

In our view there was no error of any substance in the trial of this case.

The judgment of the district court will be affirmed.